IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FIELDTURF USA, INC.; et al.,

Plaintiffs, No. CIV S-11-2035 KJM-KJN

vs.

BLUE SKY INTERNATIONAL, INC.; et al.,

Defendants. ORDER

_________________________________________/

This matter comes before the court upon defendants' motion to dismiss and/or transfer case for improper venue. (ECF 7.) The court decided this motion without a hearing. For the following reasons, defendants' motion is granted and plaintiffs' complaint is hereby transferred to the U.S. District Court for the Eastern District of Pennsylvania.

I. PROCEDURAL HISTORY

Plaintiffs filed their complaint on August 1, 2011 alleging seven (7) causes of action: 1) trademark infringement under 15 U.S.C. § 1114; 2) false designation of origin, false/misleading description and false representation of fact under 15 U.S.C. § 1125(a); 3) trademark dilution under 15 U.S.C. § 1125(c); 4) common law trademark infringement;

5) unfair competition and false advertising under Cal. Bus. & Prof. Code §§ 17200 and 17500, et seq.; 6) common law unfair competition; and 7) contributory trademark infringement. (ECF 1.) Defendants filed the present motion to dismiss and/or transfer venue on September 29, 2011. Plaintiffs filed their opposition on November 16, 2011. (ECF 10.) Defendants filed their reply on November 23, 2011. (ECF 16.)

II. ANALYSIS

A. Proper Venue

"A civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). Defendants contend venue is improper in the Eastern District of California, relying on an incorrect interpretation of 28 U.S.C. § 1391(b) to argue they are residents of the Eastern District of Pennsylvania for purposes of this section. (Mot. at 3.) While defendants are domiciled in Pennsylvania, they are residents of "any judicial district" where they are "subject to personal jurisdiction." *See* 28 U.S.C. §§ 1391(c), (d). This court has personal jurisdiction over defendants, as they are licensed to do business and have an agent for service of process in California. (Opp'n at 5.) Indeed, defendants do not dispute this court has personal jurisdiction over them. (Mot. at 3.) Accordingly, defendants are residents of California for purposes of venue and the Eastern District of California is a proper forum.

/////

/////

B. Transfer

When the district court finds that venue is proper, it is still within its discretion, "[f]or the convenience of parties and witnesses, [and] in the interest of justice," to transfer an "action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "In ruling on a motion to transfer pursuant to § 1404(a), the Court must evaluate three elements: (1) convenience of the parties; (2) convenience of the witnesses; and (3) interests of justice." *Safarian v. Maserati North America, Inc.*, 559 F. Supp. 2d 1068, 1071 (C.D. Cal. 2008) (citations omitted). "Once the court determines that venue is proper, the movant must present strong grounds for transferring the action . . . ." *Id.* (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)). "[A] motion to transfer venue for convenience pursuant to 28 U.S.C. § 1404(a) does not concern the issue 'whether and where' an action may be properly litigated. It relates solely to the question where, among two or more proper forums, the matter should be litigated to best serve the interests of judicial economy and convenience to the parties." *Injen Tech. Co. v. Advanced Engine Mgmt.*, 270 F. Supp. 2d 1189, 1193 (S.D. Cal. 2003) (citation and emphasis omitted).

In determining whether transfer is proper, the court must "balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Decker Coal*, 805 F.2d at 843 (citations omitted). The court need not accept the pleadings as true and may consider facts outside the pleadings. *Leskinen v. Halsey*, No. 2:10-cv-03363 MCE KJN PS, 2011 U.S. Dist. LEXIS 102571, at *11 (E.D. Cal. Sep. 12, 2011) (citing *Murphy v. Schneider*

*Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004)). According to the Ninth Circuit, relevant factors to be considered in determining whether transfer is appropriate include: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000), *cert. denied*, 531 U.S. 928 (2000) (citing *Stewart Org.*, 487 U.S. at 29).

Initially, the court finds, as it must, this action "might have been brought" in the Eastern District of Pennsylvania because defendants reside there. 28 U.S.C. § 1404(a); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985); 28 U.S.C. § 1391(b)(1). The Eastern District of Pennsylvania has diversity and federal question jurisdiction over this suit, has personal jurisdiction over defendants, and is an appropriate venue in accordance with 28 U.S.C. § 1391(b). Indeed, plaintiffs do not dispute that this action could have been brought in the Eastern District of Pennsylvania.

The court next applies the relevant *Jones* factors to consider the convenience of the parties and witnesses and the interests of justice. "'No single factor is dispositive and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Johnson v. Wal-Mart Stores, Inc.*, No. CIV. 2:10-997 WBS EFB, 2010 U.S. Dist. LEXIS 84461, at *5 (E.D. Cal. Jul. 22, 2010) (quoting *Ctr. for Biological Diversity v. Kempthorne*, 2008 U.S. Dist. LEXIS 84978, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008) (citing *Stewart Org.*, 487 U.S. at 29)); *see also Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

1. Plaintiff's choice of forum and convenience of the parties

Defendants contend the Eastern District of Pennsylvania is a more convenient forum for this action. They maintain that defendant Blue Sky International (BSI) has never conducted business in California except to register the trade name Blue Sky Turf International (BSTI) and that "none of the witnesses, documents, actions giving rise to the alleged claim, or indeed, any of the parties, have any particular relevance to the Eastern District of California." (Mot. at 3-4.) Moreover, they contend while this district provides no convenience to plaintiffs, it effects extreme hardship on defendants. (*Id.* at 5.) In contrast, plaintiffs' complaint alleges venue is proper in this district because defendants are subject to personal jurisdiction, have extensive contacts[1] and conduct business, caused their products to be advertised, promoted, and sold, and caused injury to plaintiffs in this district. (Compl. ¶ 11.)

Under § 1404(a) and *Jones*, courts consider the convenience of the parties by analyzing plaintiffs' choice of forum, the respective parties' contacts with the forum, and the contacts relating to plaintiffs' claims in the chosen forum. *Jones*, 211 F.3d at 498-99. Courts attach a "strong presumption in favor of plaintiff's choice of forum." *Piper Aircraft v. Reyno*, 454 U.S. 235, 255 (1981). Even so, that choice is not dispositive of the question whether transfer is appropriate. Where, as here, plaintiffs are not residents of the forum, the assumption that their choice of forum is reasonable is significantly more attenuated. *King v. Sam Holdings, LLC*, No. 5:CV 10-04706-EJD, 2011 U.S. Dist. LEXIS 120345, at *2 (N.D. Cal. Oct. 18, 2011) (Principle that deference is given to a plaintiff's choice of forum "does not hold nearly as strong where the plaintiff does not reside in the venue or where the forum lacks significant connection to the

[1] Plaintiffs appear to blend venue and personal jurisdiction; however, "[i]t would be error . . . to treat the venue statute's 'substantial part' test as mirroring the minimum contacts test employed in personal jurisdiction inquiries." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005).

activities alleged in the complaint.") (internal quotations omitted); *Sinochem Int'l Co.*, 549 U.S. at 430; *cf. In re Apple Inc.*, 602 F.3d 909, 913 (8th Cir. 2010) (holding that a foreign plaintiff's choice of forum "is entitled to substantially less deference" and warning against "the risk that plaintiff chose the forum to take advantage of favorable law"). Plaintiff FieldTurf USA, Inc. is a Florida corporation with its principal place of business in Georgia. (Compl. ¶ 3.) Plaintiff FieldTurf Tarkett Inc. is a Canadian corporation with its principal place of business in Canada. (*Id.* ¶ 4.) Thus, plaintiffs do not reside in this venue or even in this state and their choice of this forum warrants less deference. Plaintiffs' contention that they have installed fields in California and "employ a four-person sales staff and teams of field installers in California" and "have installed over 800 fields in California alone" does not weigh against transfer in light of the overriding fact that they concede this is not their "home forum" and do not indicate they intend to call their sales staff or field installers as witnesses. (Opp'n at 7.)

On the other hand, defendant BSI is a Pennsylvania corporation with its principal place of business in Pennsylvania. (Compl. ¶ 7.) Defendant BSTI is the name registered to BSI to do business in California. (Mot. at 2.) Although BSI is eligible to do business in California through BTSI, it has not done so. (*Id.* at 3.) Furthermore, all of BSI's operations are run from its Pennsylvania office; BSI has only two employees, both of whom work out of the Pennsylvania office; and all of BSI's records are located in Pennsylvania. (*Id.* at 2.) In addition, BSI's website is developed and maintained by a third-party contractor located in Pennsylvania. (*Id.* at 2-3.) Accordingly, the parties' residences weigh in favor of transfer.

Plaintiffs contend "Defendants have specifically targeted California consumers through their website." (Opp'n at 6.) In support of this contention, plaintiffs have attached a screen shot of defendants' website, which states under the banner "Customer Rebate Programs"

that "Blue Sky Turf has been supporting initiatives put in place by the California government to conserve on our most valuable resource: water…" and includes what the court assumes are links to external websites titled "California Residential Link" and "California Business and Public Works." (Danaher Decl. ¶ 6, Ex. E, ECF 10-7.) Plaintiffs maintain that the court "need look no further than Defendants' home page of its website to see the word "California" written all over it. . . . In fact, Defendants focus their business efforts on California and are offering rebates only to California and Las Vegas customers . . . . Defendants even provide a California residential link and a link to California Business and Public Works. . . . From the appearance of their website, Defendants are primarily advertising to California consumers and targeting California customers." (Opp'n at 8-9.) Thus, plaintiffs contend, defendants' "infringing activities which are causing a likelihood of confusion in the minds of consumers, is occurring predominately in California." (*Id.* at 9.) Even so, this forum has no special interest in adjudicating this matter. Although defendants' website is accessible in this district, it is accessible nationwide. *See Associacion de Productores, Empacadores y Exportadores v. Cal. Avocado Comm'n*, No. 2:08-cv-00439-GEB-DAD, 2008 U.S. Dist. LEXIS 40863, at *8 (E.D. Cal. May 21, 2008) (the district had no "particular interest" where materials in question were published in "'thousands of various forums'"). Furthermore, while BSTI is registered to do business in California and defendants' website references California, defendants have in fact never conducted business in this state.[2] (Mot. at 3.) Accordingly, this factor is at best neutral with regard to transfer.

[2] Plaintiffs ask the court for the opportunity to conduct limited discovery regarding defendants' contacts and sales in California. (Opp'n at 9 n.1.) This request is denied. Although defendants' contacts with this forum is a factor the court considers, it is only one of several. Moreover, Henry Julicher, CEO of BSI, has signed an affidavit swearing that neither BSTI nor BSI have supplied or installed turf in California. (Julicher Affidavit ¶ 5, ECF 7 at 37.) Courts have found sufficient support for transfer where jurisdiction and venue were certain in the receiving court and the determination of whether the case was properly brought in the transferor forum would

On balance the convenience of the parties weighs in favor of transfer.

2. Convenience of the Witnesses

"One of the most important factors in determining whether to grant a motion to transfer is the convenience of the witnesses." *Cal. Writer's Club v. Sanders*, No. C-11-02566 JCS, 2011 U.S. Dist. LEXIS 113699, at *37 (N.D. Cal. Oct. 3, 2011); *Tolentino v. Mossman*, No. 2:07-CV-1243-GEB-DAD, 2008 U.S. Dist. LEXIS 119406, at *4 (E.D. Cal. Apr. 18, 2008). "'To demonstrate an inconvenience to witnesses, the moving party must identify relevant witnesses, state their location and describe their testimony and its relevance.'" *Cal. Writer's Club*, 2011 U.S. Dist. LEXIS 113699, at *37 (quoting *Sec. and Exch. Comm'n v. Rose Fund, LLC*, No. C 03-04593 WHA, 2004 U.S. Dist. LEXIS 22491, at *3 (N.D. Cal. Jan. 9, 2004)); *see also Steelcase, Inc. v. Haworth*, 41 U.S.P.Q.2d 1468, 1470 (C.D. Cal. 1996).

Defendants contend their employees and key witnesses are located in Pennsylvania. (Mot. at 5.) In addition, they maintain that plaintiffs' locations in Montreal and Georgia are geographically closer to the Eastern District of Pennsylvania. (*Id.* at 6.) Plaintiffs counter that defendants' purported non-party key witness, their web designer, is not a relevant witness. (Opp'n at 11.) They also contend their counsel and experts are located in California and they will call as witnesses California consumers who have been misled by defendants' website. (*Id.* at 9, 12.)

The convenience of the witnesses weighs in favor of transfer. Defendants' employees are located in Pennsylvania, as is their web designer, whom they intend to call as a

---

have necessitated a great expenditure of court and party resources, time, and effort. *See Multistate Legal Studies v. Marino*, 1996 U.S. Dist. LEXIS 20752, at *32-34 (C.D. Cal. Nov. 5, 1996) ("Courts have repeatedly held that a change of venue from a forum where there is a difficult question of personal jurisdiction or venue to a district where there are not such uncertainties serves the interest of justice." (citations omitted)).

witness. Plaintiffs' employees are located in Georgia, Florida, and Canada; by plaintiffs' own admission, the cost to travel from their locations to California and Pennsylvania is comparable. (Opp'n at 11.) A court should consider "'not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony in relationship to the issues in the case.'" *Kannar v. Alticor, Inc.*, No. C-08-5505 MMC, 2009 U.S. Dist. LEXIS 35091, at *5 (N.D. Cal. Apr. 9, 2009) (quoting *Steelcase*, 41 U.S.P.Q.2d at 1470). As defendants have not done business in California, it is unclear how many California consumers could have been misled into utilizing their services. Furthermore, the location of plaintiffs' counsel is not a factor in the court's analysis. *See, e.g., Guy v. Hartford Life Group Ins. Co.*, No. C 11-3453 SI, 2011 U.S. Dist. LEXIS 131717, at *8 (N.D. Cal. Nov. 14, 2011); *see also Levyas v. Bezy*, No. CV 07-1032-PHX-SMM, 2008 U.S. Dist. LEXIS 84033, at *5 (D. Ariz. May 9, 2008) ("convenience of counsel is not a specific factor considered . . . regarding transfer of venue"); *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004) (holding that the district court committed reversible error in considering the location of counsel because that factor does not appear in Section 1404(a)). Moreover, plaintiffs do not indicate the names and locations of their intended experts.

The convenience of the witnesses weighs in favor of transfer.

3. Interests of Justice

As set forth above, *Jones* instructs courts to consider additional factors in determining whether the interests of justice favor transfer. 211 F.3d at 498-99. For example, the court must consider the state that is most familiar with governing law. Plaintiffs allege one cause of action for violation of a California statute and three causes of action for violations of California common law; the remainder of their claims allege violations of federal law. While this court may be more familiar with California law, it is a federal court and no more competent than the Eastern District of Pennsylvania to apply the uncomplicated laws relied on in this action.

*See GLT Technovations, LLC v. Fownes Bros. & Co.*, No. 12-cv-00466 RMW, 2012 U.S. Dist. LEXIS 56028, at *16 (N.D. Cal. Apr. 20, 2012) ("It is true that this court is probably more familiar with California law than other courts, but it is also true that other federal courts are fully capable of applying California law." (internal quotation marks and citation omitted)).

The court also considers the differences in the costs of litigation in the two forums. Defendants contend litigating in this forum will be financially burdensome on them because their employees, potential witnesses, documents, and offices are located in Pennsylvania. (Mot. at 5.) Plaintiffs contend regardless of whether litigating in this forum will be more burdensome on defendants, the court must consider the burden on plaintiffs, but then proceed to indicate it will not be more financially burdensome for plaintiffs to litigate in Pennsylvania than in California. (Opp'n at 11.) This factor weighs in favor of transfer.

In addition, the court considers the availability of compulsory process in the transferor and transferee courts. Defendants contend no witnesses will be called who reside in California. (Mot. at 2-3.) They contend one of their key witnesses will be their web designer, who is located in the Eastern District of Pennsylvania and is not an employee. Plaintiffs counter this witness has no relevant information and that their non-party witnesses will include California consumers. (Opp'n at 11-12.) The court finds the availability of compulsory process is neutral to its balancing of factors.

The court further considers ease of access to sources of proof. Defendants contend all their documents are located in Pennsylvania. (Mot. at 5.) Plaintiffs counter defendants have not provided any information regarding quantity or quality of their documents or why transporting them would be burdensome. (Opp'n at 12.) Plaintiffs have not shown they

have any relevant documents located in California. On the record before the court, ease of access favors transfer.

On balance, the interests of justice weigh in favor of transfer.

III. CONCLUSION

For the foregoing reasons, defendants' motion (ECF No. 7) is granted and the above-captioned case is hereby TRANSFERRED to the U.S. District Court for the Eastern District of Pennsylvania. This case is CLOSED.

IT IS SO ORDERED.

DATED: September 30, 2012.

UNITED STATES DISTRICT JUDGE